**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK JAMES, | ) | CASE NO: 3:20-CV-653 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN, LYNEAL WAINWRIGHT, | ) | |
| | ) | REPORT & RECOMMENDATION |
| Respondent. | ) | |

**I.   Introduction**

Petitioner, Mark James, an Ohio prisoner serving an aggregate prison term of 96 months, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on October 19, 2020. Respondent, Warden Lyneal Wainwright, has moved to dismiss James' petition as untimely and because James' claim is procedurally defaulted.[1] (ECF No. 6).

This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on James' petition and other case-dispositive motions Because James' petition was not filed within the one-year limitations period under 28 U.S.C. § 2244(d)(1) and because James is not entitled to equitable tolling, I recommend that the Court GRANT Warden Wainwright's motion.

---

[1] As the court finds that James' petition is untimely, the court need not address the Warden's procedural default argument.

## II. Procedural History

### A. State Conviction

On October 14, 2015, a Seneca County, Ohio grand jury indicted James on one count of trafficking in heroin, in violation of Ohio Rev. Code § 2925.03(A)(1),(C)(6)(c), two counts trafficking in heroin, in violation of Ohio Rev. Code § 2925.03(A)(2),(C)(6)(c), one count illegal conveyance of any drug abuse ono the grounds of a detention facility, in violation of Ohio Rev. Code § 2921.36(A)(2),(G)(2), one count of possession of cocaine, in violation of Ohio Rev. Code § 2925.11 (A), (C)(4)(a), and one count possessing criminal tools, in violation of Ohio Rev. Code § 2923.24 (A), (C). (ECF No. 6-1 at Ex. 1). After a trial, a jury found James guilty of all counts. (ECF No. 6-1 at Ex. 6). On May 12, 2016, the court sentenced James to an aggregate prison term of 96 months. (ECF No. 6-1 at Ex. 7).

### B. Direct Appeal

On May 27, 2016, James represented by counsel, appealed to the Ohio Court of Appeals, raising two assignments of error:

> **Assignment of Error I:** The trial court erred when it denied the defendant's motion for acquittal under Ohio Rules of Criminal Procedure 29.
>
> **Assignment of Error II:** The trial court denied the defendant's due process rights under the 5th and 14th Amendment and Article 1 Section 10 of the Ohio Constitution.

(ECF No. 6-1 at Ex. 9). On November 21, 2016, the court of appeals affirmed the judgment of the trial court. (ECF No. 6-1 at Ex. 11). James, pro se, filed a Notice of Appeal (ECF No. 6-1 at Ex. 12) and a Motion for Delayed Appeal (ECF No. 6-1 at Ex. 13) with the Ohio Supreme Court on January 25, 2017. On April 19, 2017, the Ohio Supreme Court denied James' motion for delayed appeal and dismissed his appeal. (ECF No. 6-1 at Ex. 14).

### C. Application to Reopen Appeal

On February 16, 2017, James filed a *pro se* application to reopen his direct appeal pursuant to Ohio App. Rule 26(B), alleging that his appellate counsel was ineffective for failing to raise the following arguments on appeal:

> **Argument I:** Appellant's convictions were against the manifest weight and sufficiency of the evidence.
>
> **Argument II:** The trial counsel was ineffective in violated Mr. James 6th Amendment right of the U.S. Constitution "to have compulsory process for obtaining witnesses in his favor." And the 14th Amendments, and Article 1 Section 10 of the Ohio Constitution.
>
> **Argument III:** The trial court committed plain error in violation of the constitutional prohibition against double jeopardy, i.e., the 5th Amendment of the U.S. Constitution, by issuing consecutive sentencing for Conveyance 2921.36 and Trafficking Heroin 2925.03, because they both resulted from the same conduct in violation R.C. 2941.25.
>
> **Argument IV:** The Trial court committed plain error in violation of the constitutional prohibition against double jeopardy, i.e., the 5th Amendment of the U.S. Constitution, by issuing consecutive sentencing for the Cocaine, Heroin, and criminal tools, because they all resulted from one the same search of Ms. Shelby Ferguson's, apartment, in violation of R.C. 2941.25.
>
> **Argument V:** The trial court failed to properly impose Post Release Control pursuant to R.C. 2929.19(B) & 2967.28.
>
> **Argument VI:** R.C. 2925.03(M) contains no provision for consecutive driver's license suspension, therefore the trial court was in error for imposing a consecutive driver's license suspension.
>
> **Argument VII:** Ineffective Assistance of Appellate Counsel.

(ECF No. 6-1 at Ex. 15). The Ohio Court of Appeals denied the application on April 26, 2017. (ECF No. 6-1 at Ex. 16). James did not appeal to the Ohio Supreme Court. However, on December 4, 2017, James file a pro se motion to reinstate appellant rights in order to file an appeal with the Ohio Supreme Court. (ECF No. 6-1 at Ex. 17). On August 1, 2019, the Ohio Supreme Court denied the motion. (ECF No. 6-1 at Ex. 18).

### III. Federal Habeas Corpus Petition

On December 4, 2018, James *pro se* petitioned for a writ of habeas corpus from this court in case number 3:19-CV-2917. (ECF No. 6-1 at Ex. 19). On December 28, 2018, this court found that James' petition was premature because he had not exhausted his state court remedies and dismissed James' petition without prejudice. (ECF No. 6-1 at Ex. 20). On March 16, 2020, James pro se filed the instant petition for a writ of habeas corpus in this court. (ECF No. 1).[2] James' petition asserts four grounds for relief:

> **Ground One:** 6th Amendment of the U.S. [sic] ineffective assistance of appellate counsel, for refusal to raise, winning issue of insufficiency of evidence to "actual innocence."
>
> **Supporting Facts:** The "facts of the circumstances" clearly demonstrate, "actual innocence" and miscarriage of justice. Count 4, 5, 6 all stem from a search of Shelby Ferguson apartment. Ms. Ferguson testified through a notarized affidavit and at trial, the heroin, cocaine and scale were in fact hers and Mark James had no have knowledge or control over the drugs. Fact is, only two people, who qualified to clarify for the courts and jury, how, who knew was there, and whom it belong to. Shelby also provided pictures of herself wearing clothes drug were found inside.
>
> **Ground Two:** 6th Amendment and 14th Amendment of the U.S. [sic] Trial counsel, was ineffective for failure to have compulsory process for obtaining a witness, factual and actual innocence.
>
> **Supporting Facts:** Count 2, 3. These two charges are hinged on the officer's knowledge of any drug on Mr. James' person- prior to entering into a detention center. These document and testimony would clearly exonerate Mr. James of these two charges. Arresting officer's police report contradicts testimony of arresting officer's 1st report states clearly, Mr. James never spoke one word, just stare at agents and officers. Testimony from officers, Mr. James reply "no" when asked about drugs. Mr. James testified he in fact did inform officer, and neg to turn them over. Officers called the detention center and acknowledged Mr. James had drugs and request permission to strip search.
>
> **Ground Three:** 5th Amendment of the U.S. [sic] by issuing consecutive sentencing for Conveyance and Trafficking because they both resulted from the same conduct.

---

[2] James represents, and the Warden does not dispute, that he provided the petition to prison staff for mailing on March 16, 2020.

4

> **Supporting Facts:** Trial court failed to address facially present [sic] multiple charges and conduct an allied offense. The Constitution prohibits against double jeopardy. That it is not a right that can be, unknowingly, uniformed, irrelevantly waived of forfeited. Allied offenses stemming from one and the same action, appellate counsel failed to raise this issue on direct appeal.
>
> **Ground Four:** 5th Amendment of the U.S. [sic] prohibition against double jeopardy because they all resulted from one the same search of Ms. Shelby Ferguson's apt.
>
> **Supporting Facts:** The State never established a separate animus concerning said charge. To be in possession of a "scale" in itself is not illegal. Only to be in proven to be used in illegal act does it become criminal tool. For "possession of criminal tools" 2923.24(A) charge to even stand it must be attached to one of the other charges – making them allied offenses. Therefore it is not illegal to own a scale, Mr. James is factual innocence and actual innocent. [sic].

(ECF No. 1). On July 9, 2020, Warden Wainwright moved to dismiss James' petition in its entirety as untimely and procedurally defaulted. (ECF No. 6).

## IV. Law and Analysis

### A. Statute of Limitations under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under § 2244(d)(1)(A) when direct review concludes, not when the petitioner has exhausted all state remedies. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir.

5

2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (noting that the one-year limitations period under § 2244(d)(1)(A) does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court). A judgment is final when the time to file a direct appeal to the state appellate court expires, unless the state appellate court grants a motion to file an out-of-time appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). An Ohio criminal defendant has 30 days from the date his conviction and sentence become final to file a timely direct appeal. Ohio R. App. P. 4(A). The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lopez v. Wilson*, 426 F.3d 339, 351-52 (6th Cir. 2005) (*en banc*) (holding that a motion to reopen under Ohio R. App. P. 26(B) is a collateral proceeding). A post-conviction relief petition is considered "properly filed" only if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Untimely post-conviction petitions or other collateral motions do not toll the AEDPA statute of limitations, despite any exceptions to the timely filing requirement that might exist under state law. *See id.* at 413-14.

### A. Untimely Petition

The Warden argues that James' AEDPA statute of limitations began running on January 6, 2017, ran until January 25, 2017—when James filed a notice of appeal and delayed appeal with the Ohio Supreme Court, began running again on June 11, 2017—45 days after the Ohio Court of

6

Appeals denied his application to reopen his appeal[3], ran until December 4, 2017—when James moved to reinstate his appeal rights, resumed running on September 16, 2019—45 days after the Ohio Court of Appeals denied James' motion to reinstate his appeal, and expired on March 4, 2020. (ECF No. 6 at 15-16). James fails to address the untimeliness of his petition. (*See* ECF No. 9).

The Court agrees with the Warden. James' judgment became final on January 5, 2017—45 days after the Ohio Court of Appeals affirmed James' conviction on November 21, 2016. Ohio R. App. P. 4(A); (ECF No. 6-1 at Ex. 11). Thus, James' statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began on January 6, 2017 and absent any tolling would have expired on January 6, 2018—a year later. However, James filed a motion for delayed appeal (ECF No. 6-1 at Ex. 13) and a notice of appeal (ECF No. 6-1 at Ex. 12) with the Ohio Supreme Court on January 25, 2017[4] which tolled the statute of limitations for the period the motion was pending. On April 19, 2017, the Ohio Supreme Court dismissed James' appeal. (ECF No. 6-1 at Ex. 14). However, James' statute of limitations did not resume at that time because James filed a Rule 26(B) Application to Reopen Appeal on February 16, 2017, which remained pending at that time. (ECF No. 6-1 at Ex. 15). The Ohio Court of Appeals denied James' motion on April 26, 2017. (ECF No. 6-1 at Ex. 16). James did not appeal to the Ohio Supreme Court. Thus, the statute of limitations resumed

---

[3] While his notice of appeal and delayed appeal were pending before the Ohio Supreme Court, on February 16, 2017, James filed a Rule 26(B) Application to Reopen Appeal in the Ohio Court of Appeals. The Ohio Supreme Court denied James' motion for leave for a delayed appeal and dismissed his appeal on April 19, 2017. However, the AEDPA statute of limitations remained tolled due to James' pending Rule 26(B) Application to Reopen Appeal in the Ohio Court of Appeals and did not being running again until 45 days after the Ohio Court of Appeals denied his application to reopen.

[4] The AEDPA statute of limitations ran for 19 days before this tolling event occurred.

7

running a day after the 45-day period to appeal to the Ohio Supreme Court—June 11, 2017, and ran until another tolling event occurred on December 4, 2017[5]—James filed a motion to reinstate his appeal rights. (ECF No. 6-1 at Ex. 17).  The Ohio Court of Appeals denied James' motion on August 1, 2019.  (ECF No. 6-1 at Ex. 18).  James did not appeal to the Ohio Supreme Court. Thus, the statute of limitations resumed running a day after the 45-day period to appeal to the Ohio Supreme Court—September 16, 2019, and expired 170 days[6] later, on March 4, 2020.  James filed the instant petition on March 16, 2020, 12 days after the AEDPA statute of limitations expired.

### B. Equitable Tolling

However, this does not end the inquiry, the court must now consider whether James is entitled to equitable tolling.  Because AEDPA's statute of limitations is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S 631, 645 (2010). If a petitioner seeks equitable tolling, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). The unavailability of or delay in receiving trial or other transcripts is not an "extraordinary circumstance" that prevents a habeas petitioner from filing a timely petition, and, thus, does not warrant equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (explaining that the habeas rules require the state, not the petitioner, to "furnish the petitioner with the record once a habeas petition has been filed"). Similarly, a petitioner's *pro se* status or ignorance of procedural requirements "are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden,*

---

[5] The AEDPA statute of limitations resumed running for 176 days before tolling event occurred.

[6] Prior to this point the statute of limitations had ran for a total of 195 days. Therefore, there were 170 days left out of the 365-day AEDPA statute of limitations.

8

*Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citing *Hall*, 662 F.3d at 751–52; *Winkfield v. Bagley,* 66 F. App'x 578, 583 (6th Cir. 2003)).

The Warden argues that James is not entitled to equitable tolling because he was not diligent in pursuing state court relief and fails to demonstrate that some extraordinary circumstance stood in his way. (ECF No. 6 at 18). James states that he failed to file his petition within the one-year statute of limitations because he previously filed a petition which was dismissed without prejudice due to his failure to exhaust his state court remedies and that he could not file the instant petition until after he exhausted his state court remedies. (ECF No. 1 at 13). The Warden responds that the dismissal of James' initial petition and need to exhaust his state court remedies prior to filing the instant petition do not demonstrate that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. (ECF No. 6 at 18).

The court agrees. James filed his initial habeas corpus petition in this court in case number 3:19-CV-2917on December 4, 2018. (ECF No. 6-1 at Ex. 19). On December 28, 2018, this court dismissed James' petition without prejudice for failure to exhaust his state court remedies. (ECF No. 6-1 at Ex. 20). At that time, James had a motion to reinstate appellant rights, which he filed on December 4, 2017, pending before the Ohio Court of Appeals. (ECF No. 6-1 at Ex. 17). The Ohio Court of Appeals denied James' motion on August 1, 2019. (ECF No. 6-1 at Ex. 18). James did not appeal to the Ohio Supreme Court. Accordingly, the statute of limitations resumed running a day after the 45-day period to appeal to the Ohio Supreme Court—September 16, 2019, and expired 170 days later, on March 4, 2020. Therefore, James had 216 days after the Ohio Court of Appeals denied his motion to file the instant habeas petition and yet he failed to do so. James' failure to file his petition in that 216-day period—from September 16, 2019 through March 4, 2020—does not demonstrate diligent pursuit of his rights. Furthermore, James does not show that

9

any extraordinary circumstance stood in his way preventing him from timely filing his petition during that period. As James fails to demonstrate that he has been pursuing his rights diligently and an extraordinary circumstance that stood in his way and prevented timely filing, he is not entitled to equitable tolling.

Accordingly, because equitable tolling does not apply, I recommend that the Warden's motion to dismiss James's habeas petition as untimely be granted.

### V. Certificate of Appealability

#### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has interpreted this standard to mean that the "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

#### B. Analysis

When a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485. As the Supreme Court explained,

"[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486. If the Court accepts my recommendations, James will not be able to show that the Court's conclusion that his petition was untimely under 28 U.S.C. § 2244(d)(1) is debatable. Thus, I recommend that a certificate of appealability not be issued.

## VI.     Recommendation

Because James' petition was not filed within the one-year limitations period under 28 U.S.C. § 2244(d)(1) and because James is not entitled to equitable tolling, I recommend that the Court GRANT Warden Wainwright's motion (ECF No. 6) to dismiss James' petition for writ of habeas corpus. I further recommend that James not be granted a certificate of appealability.

DATED:  January 28, 2021

  __*Carmen E. Henderson*_____
  **Carmen E. Henderson**
  **United States Magistrate Judge**

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas* v. *Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).