UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. JAMES, | ) | CASE NO. 3:20CV653 |
| | ) | |
| Petitioner, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| LYNEAL WAINWRIGHT, Warden, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Petitioner Mark James' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). For the following reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's Report and Recommendation (Doc. 11), **GRANTS** Respondent's Motion to Dismiss (Doc. 6) and **DISMISSES** the Petition as time-barred.

## FACTS

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein (unless noted otherwise), provides a more thorough discussion.

Petitioner was convicted of multiple drug-related offenses in the Seneca County Court of Common Pleas. His conviction was affirmed on direct appeal and the Ohio Supreme Court

declined jurisdiction. Petitioner then applied to reopen and reinstate his appellate rights with the Ohio appellate court. Both motions were denied.

This is Petitioner's second petition under 28 U.S.C. § 2254.[1] On March 16, 2020, Petitioner mailed this second Petition. (Doc. 1). He asserted the following grounds for relief:

> **Ground One:** 6th Amendment of the U.S. Constitution; Ineffective Assistance of Appellate Counsel for refusal to raise winning issues of insufficient evidence to "actual innocent."
>
> **Ground Two:** 6th Amendment and 14th Amendment of the U.S. Constitution. Trial counsel was ineffective for failure to have compulsory process for obtaining a witness, factual and actual innocence.
>
> **Ground Three:** 5th Amendment of the U.S. Constitution by issuing consecutive sentencing for conveyance and trafficking because they both resulted from the same conduct.
>
> **Ground Four:** 5th Amendment of the U.S. Constitution. Prohibition against double jeopardy because they all resulted from one the same search of Ms. Shelby Ferguson's apartment.

(Doc. 1) (cleaned up).

On May 8, 2020, the Court referred the Petition to Magistrate Judge Limbert[2] for a Report and Recommendation. On July 9, 2020, Respondent filed a Motion to Dismiss the Petition as time-barred. (Doc. 6). Petitioner opposed the Motion. (Doc. 9).

On January 28, 2021, the Magistrate Judge issued her Report and Recommendation, in which she recommended that the Court grant Respondent's Motion and dismiss the Petition. (Doc. 11). On or about February 5, 2021, Petitioner mailed his Objection to the Report and Recommendation. (Doc. 12).

---

[1] The first action bore Case Number 3:18CV2917. The Court dismissed the first petition because a state motion to reinstate appellate rights remained pending and thus Petitioner failed to exhaust his state remedies.

[2] On June 30, 2020, Magistrate Judge Limbert retired. The matter was therefore referred to Magistrate Judge Henderson on July 6, 2020.

## STANDARD OF REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of the AEDPA state:

> (d)(1) A [one]-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) – (2).

Rule 8(b)(4) of the Rules Governing § 2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

In his Objections to the Report and Recommendation, Petitioner disputes the Magistrate Judge's calculation of the statute of limitations. In the alternative, Petitioner claims he presented a valid actual innocence exception to allow the Court to review the merits of his grounds for relief. Finally, Petitioner argues that, if the Court were to agree with the Magistrate Judge, it should nonetheless issue a certificate of appealability. (*See generally*, Doc. 12).

For the following reasons, the Court agrees with the Magistrate Judge, overrules Petitioner's objections and declines to issue a certificate of appealability.

## ANALYSIS

**A.      Statute of Limitations Calculation – Incorrect Date**

Petitioner's First Objection focuses on the Magistrate Judge's use of October 19, 2020 as the date Petitioner filed his Petition. Petitioner claims this is the incorrect date of filing his Petition.

In form, Petitioner is correct—the Magistrate Judge did use an incorrect date of filing in her introductory paragraph. But in substance, Petitioner is incorrect. Further on in her Report and Recommendation, in both her factual recitation and analysis, the Magistrate Judge used the correct March 16, 2020 date of filing. Therefore, the Magistrate Judge's typo is insignificant to what matters the most—her analysis.

Petitioner is also incorrect as to the start date of the limitations period. Without authority, Petitioner claims the statute started running on September 16, 2019. But this ignores the actual procedural history, including Petitioner's neglect to file timely appeals.

Since the Magistrate Judge's decision carefully recounts the procedural history, tolling the period appropriately along the way, Petitioner's First Objection is overruled.

**B.    Statute of Limitations Calculation – Incorrect Statute**

Petitioner's Second Objection does not fair any better. He complains that the Magistrate Judge relied solely on 28 U.S.C. § 2254(d)(1) and failed to review his Petition under 28 U.S.C. § 2254(d)(2). But this objection is confusing. Nowhere does the Magistrate Judge rely on § 2254(d)(1) in her decision. Nor would she—that section concerns a merit-based review of the Petition, which the Magistrate Judge never reached due to the untimeliness of the Petition.

Perhaps Petitioner meant to cite § 2244(d)(1) and (d)(2). That would be closer. The Magistrate Judge did rely on § 2244(d) in her decision. This makes sense because the statute concerns the calculation of time for a habeas petitioner. But the Magistrate Judge's analysis also reflects that she considered § 2244(d)(2) as well, as she tolled the limitation periods for Petitioner's state filings.

Petitioner does not cite to any missed post-conviction filing that should have further tolled the calculation period. And the case that Petitioner cites—*Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011)—does not support whatever claim he is trying to make. Yes, habeas rules require the State to file a complete record once a *federal petition* is filed. Again, this is unclear how this rule impacted Petitioner during his *state proceedings* as he claims.

In sum then, Petitioner's Second Objection is both confusing and, ultimately, without merit. The Court overrules it.

**C.    Actual Innocence**

Petitioner's final substantive objection relates to the actual innocence exception to the statute of limitations. According to Petitioner, two facts support this exception: one, Shelby Ferguson testified at trial that the drugs at issue were hers and not Petitioner's; and two, a juror

was related to the confidential informant in the case, which resulted in a fundamental miscarriage of justice.

The untimeliness of a petition may be excused by a colorable showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Patterson v. Lafler*, 455 Fed. App'x 606, 609 (6th Cir. Jan. 9, 2012) ("a petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice"). Entitlement to the exception requires petitioner to demonstrate that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitnesses accounts, or critical physical evidence—that was not presented at trial.'" *Patterson*, 455 Fed. App'x at 609 (quoting *Schlup*, 513 U.S. at 324). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Actual innocence is a rare exception and should only be applied in the extraordinary cases. *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005).

Petitioner has not satisfied this 'rare exception.' Petitioner does not cite any new evidence. Rather, he relies on the "testimony *at trial* by Shelby Ferguson." (Doc. 12, PageID: 273) (emphasis added). This is not new evidence, but rather evidence previously considered (and discredited) at trial. Moreover, the relationship of the juror is more an attack on the legal sufficiency of the proceeding, rather than Petitioner's factual innocence, which is what the exception requires.

Accordingly, since Petitioner has not satisfied the actual innocence exception, his Third Objection is overruled.

**D.      Certificate of Appealability**

Finally, the Magistrate Judge recommended that the Court should not issue Petitioner a certificate of appealability. Petitioner objects and claims that, since he has established a denial of his constitutional rights, the Court should issue one.

The Court agrees with the Magistrate Judge. Under 28 U.S.C. § 2253, "a certificate of appealability may" only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court in *Slack v. McDaniel* held that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 484 (2000).

Here, the calculation of the limitations period and any applicable exception analysis is straightforward. Unfortunately for Petitioner, that analysis cuts against him. The Magistrate Judge recommended dismissal as time-barred and this Court agrees. And Petitioner has not asserted a valid objection to change this outcome.

Since the Court finds that reasonable jurists would not debate this procedural ruling on the statute of limitations, the Court declines to issue a certificate of appealability.

- 8 -

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation (Doc. 11), **GRANTS** Respondent's Motion to Dismiss (Doc. 6) and **DISMISSES** Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) as time-barred.

The Court finds an appeal from this decision could not be taken in good faith.  28 U.S.C. § 1915(a)(3).  As discussed above, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); FED. R. APP. R. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

                                            s/ Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**

**Dated: March 18, 2021**